**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ROGER D. BLANKENSHIP,

       Plaintiff,            :        Case No. 3:11-cv-110

                              District Judge Walter Herbert Rice
    -vs-                         Magistrate Judge Michael R. Merz

                           :

ISAAC BOLLINGER, et al.,

       Defendant.

**REPORT AND RECOMMENDATIONS**

This case is before the Court on Motion for Summary Judgment of Defendant Isaac Bollinger (Doc. No. 7). The Motion was filed on April 29, 2011, and Plaintiff was notified by the Court of his obligation to respond not later than May 23, 2011 (Order to Pro Se Plaintiff, Doc. No. 9). As of the date of this Report, Plaintiff has filed no response.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). Nevertheless, "the mere existence of *some* alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id*. The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp*., 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's

function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

**Analysis**

Plaintiff Roger Blankenship is a prisoner who brought this action *pro se* and *in forma*

3

*pauperis* against the Shelby County Jail and Sheriff's Deputy Isaac Bollinger. In the Complaint he alleges that he suffered a serious injury, a leg fracture, when a board was thrown by a tire on a county work truck and struck him in the leg while he was on a work detail (Complaint, Doc. No. 3, PageID 25.) Mr. Bollinger alleges that after the injury he asked to be taken to an emergency room and Deputy Bollinger called a nurse instead who did not believe emergency room treatment was necessary. *Id.* When Mr. Bollinger was unable to "walk it off" as the nurse had suggested, Deputy Bollinger had him sit down until transport back to the jail. There another nurse examined the leg and declined any additional treatment. Finally, after delay of a day or so, he was taken to a doctor who x-rayed the leg and determined it was fractured. *Id.* Mr. Bollinger claims pain and suffering, but no long-term disability resulting from the fracture. *Id.*

On the basis of these facts and the uncontradicted Affidavit attached to the Motion, Defendant seeks summary judgment on two bases: (1) failure of Plaintiff to exhaust available administrative remedies as required by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and (2) qualified immunity.

## Exhaustion

In those cases to which the PLRA applies, a prisoner plaintiff must exhaust all available state administrative remedies. Failure to exhaust is an affirmative defense which must be pled and proved by a defendant; but if proved it is a complete defense. *Jones v. Bock*, 549 U.S. 199 (2007). Although the Court's standard form for prisoner § 1983 complaints contains language prompting a prisoner plaintiff to show exhaustion, all Mr. Bollinger did was to claim that there was no prisoner grievance procedure at the Shelby County Jail (Complaint, Doc. No. 3, PageID 23.) The uncontradicted Affidavit of Assistant Jail Warden Karla Pleiman establishes that there is an inmate

4

grievance procedure at the Shelby County Jail, that all inmates are given a copy upon admission, that Plaintiff was given a copy pursuant to that policy, that Plaintiff acknowledged receiving a copy, and that Mr. Blankenship did not file a grievance relating to his leg injury (Affidavit, Ex. A to Motion, Doc. No. 7, PageID 46-47.)

The "dominant concern" of the PLRA is "to promote administrative redress, filter out groundless claims, and foster better prepared litigation of claims aired in court." *Porter v. Nussle*, 534 U.S. 516, 528 (2002). For that reason, the exhaustion requirement is mandatory. *Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011), *citing Porter*. Because Plaintiff did not exhaust available administrative remedies for his claim against Deputy Bollinger, it must be dismissed with prejudice.

## Qualified Immunity

Deputy Bollinger also claims he is entitled to qualified immunity.

Government officials performing discretionary functions are afforded a qualified immunity under 42 U.S.C. §1983 as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Christophel v. Kukulinsky*, 61 F.3d 479, 484 (6th Cir. 1995); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir., 1994); *Flatford v. City of Monroe*, 17 F.3d 162 (6th Cir. 1994). The question is not the subjective good or bad faith of the public official, but the "objective legal reasonableness" of his or her action in light of clearly established law at the time the official acted. *Anderson v. Creighton*, 483, U.S. 635 (1987).

Qualified immunity analysis involves three inquiries: (i) "whether, based upon the applicable law, the facts viewed in the light most favorable to the plaintiffs show that a constitutional violation

5

has occurred;" (ii) "whether the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (iii) "whether the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005), *quoting Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir. 2003). Qualified immunity must be granted if the plaintiff cannot establish each of these elements. *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 636 (6th Cir. 2004).

In order for the violated right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he or she is doing violates that right; in light of pre-existing law, the unlawfulness of the official's action must be apparent. *Anderson v. Creighton*, 483 U.S. at 640. The right must be defined at the appropriate level of specificity to determine whether it was clearly established at the time the defendants acted. *Wilson v. Layne*, 526 U.S. 603, 615 (1999), citing *Anderson v. Creighton.* The test is whether the law was clear in relation to the specific facts confronting the public official when he acted; the constitutional right must not be characterized too broadly without considering the specific facts of the case. *Guercio v. Brody*, 911 F.2d 1179 (6th Cir. 1990). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Russo v. City of Cincinnati,* 953 F.2d 1036, 1042 (6th Cir. 1992). Although the very action in question need not have previously been held unlawful, its unlawfulness must be apparent in light of pre-existing law. *Id.* An action's unlawfulness can be apparent from direct holdings, specific examples described as prohibited, or from the general reasoning that a court employs. *Burchett v. Kiefer*, 310 F.3d 937 (6th Cir. 2002), citing *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 2516-17, 153 L.Ed.2d 666 (2002).

Plaintiff's claims arise under the Fourteenth Amendment to the United States Constitution.

Intentional denial or indifference to medical care for the serious medical needs of an inmate is cruel and unusual punishment which is cognizable under 42 U.S.C. §1983. *Estelle v. Gamble*, 429 U.S. 97 (1976). Deliberate indifference claims of pretrial detainees, such as those like Plaintiff who are confined in a county jail, are cognizable under the Fourteenth as opposed to the Eighth Amendment. *City of Revere v. Mass. Gen. Hosp*., 463 U.S. 239, 244 (1983); *Graham v. County of Washtenaw*, 358 F.3d 377(6th Cir. 2004).

To be successful, an Eighth or Fourteenth Amendment medical claim must contain both an objective component, that the medical needs were sufficiently serious, *citing Rhodes v. Chapman*, 452 U.S. 337(1981); *McKinney v. Anderson,* 959 F.2d 853, 854 (9th Cir.), *cert. granted,* 120 L. Ed. 2d 896 (1992); *Steading v. Thompson*, 941 F.2d 498 (7th Cir. 1991), and a subjective component, that the prison officials were deliberately indifferent to the prisoners' needs, citing *Wilson v. Seiter,* 501 U.S. 294 (1991); *McKinney*, 959 F.2d at 854, and *Steading,* 941 F.2d at 500. *Hunt v. Reynolds,* 974 F.2d 734 (6th Cir., 1992). Without a showing of deliberate indifference, claims of negligence or malpractice cannot sustain an Eighth or Fourteenth Amendment claim. *Perez v. Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004).

As Defendant's proof shows, Plaintiff's injury was not such that even a trained medical professional could tell by looking that it needed treatment. It did not constitute deliberate indifference for Deputy Bollinger to rely on the opinion of the nurse who examined Plaintiff at the scene or the second nurse who examined him at the Jail that he did not need hospital treatment. There is no claim that Plaintiff was refused appropriate treatment after the was x-ray diagnosed with a fracture.

7

Deputy Bollinger is entitled to qualified immunity because he did not violate a clearly established right of Plaintiff, to wit, the right to medical treatment of a certain type against the analysis of an on-scene medical professional.

### Conclusion

Based on the foregoing analysis, the Motion for Summary Judgment should be granted and the Complaint herein dismissed with prejudice.

June 2, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).